**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CHRIS STALLINGS; and
STALLINGS CONSTRUCTION, LLC**                            **PLAINTIFFS**

**VERSUS**                               **CAUSE NO:2:18-cv-66-KS-MTP**

**WAYNE COUNTY, MISSISSIPPI;
WAYNE COUNTY BOARD OF SUPERVISORS;
DAVID MILLS; JOE DYESS; JERRY HUTTO;
TOMMY ROBERTS; GASTON HUTCHERSON; and
JOHN DOES 1-10**                           **DEFENDANTS**

**AMENDED COMPLAINT
JURY TRIAL DEMANDED**

COMES NOW, Plaintiffs, by and through undersigned counsel, and makes this, their Complaint against named Defendants, and would show unto the Court the following, to wit:

**INTRODUCTION**

This action seeks to remedy violations of state and federal law by the Defendants, which have unlawfully, illegally, and criminally deprived the Plaintiffs and the taxpayers of Wayne County of county resources, all done under the color of state law and at the expense of the taxpayers of Wayne County and the Plaintiffs.

The relief Plaintiffs seek is supported by satisfactory proofs, including the public records, facts and other documentation referenced throughout the Complaint.

Plaintiffs seek nominal, actual, compensatory and punitive damages against all Defendants for the flagrant, willful, knowing, violation of Plaintiff's constitutionally protected rights and violations of federal statutes, as well as the costs of litigation, including reasonable attorney's fees. With this as a background, Plaintiffs, through counsel, do hereby complain and allege as follows:

1

## PARTIES

1. Plaintiff, Chris Stallings, is a resident citizen of Wayne County, Mississippi who may be contacted through undersigned counsel.

2. Plaintiff, Stallings Construction, LLC is a limited liability company organized under the laws of the State of Mississippi with its principal place of business in Wayne, County, Mississippi who may be contacted through undersigned Counsel.

3. Defendant Wayne County, hereinafter "County," is a government entity organized under the laws of the State of Mississippi who may be served with process through its Chancery Clerk at 609 Azalea Drive, Waynesboro, Mississippi 39367.

4. Defendant Wayne County Board of Supervisors, hereinafter "Board," is a government entity organized under the laws of the State of Mississippi who may be served with process through its board president at 609 Azalea Drive, Waynesboro, Mississippi 39367.

5. Defendant David Mills, hereinafter "Mills," is a Wayne County Supervisor sued in his individual and official capacity and who may be served with process at 609 Azalea Drive, Waynesboro, Mississippi 39367.

6. Defendant Joe Dyess, hereinafter "Dyess," is a Wayne County Supervisor sued in his individual and official capacity and who may be served with process at 609 Azalea Drive, Waynesboro, Mississippi 39367.

7. Defendant Jerry Hutto, hereinafter "Hutto," is a Wayne County Supervisor sued in his individual and official capacity and who may be served with process at 609 Azalea Drive, Waynesboro, Mississippi 39367.

8. Defendant Tommy Roberts, hereinafter "Roberts," is a Wayne County Supervisor sued in his individual and official capacity and who may be served with process at 609 Azalea Drive, Waynesboro, Mississippi 39367.

9. Defendant Gaston Hutcherson, hereinafter "Hutcherson," is a Wayne County Supervisor sued in his individual and official capacity and who may be served with process at 609 Azalea Drive, Waynesboro, Mississippi 39367.

10. Defendants designated as John Does 1 through 10 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiffs for the claims asserted herein.  Plaintiffs will amend their Complaint once the identities of the unknown Defendants are learned.

11. Defendants Hutcherson, Roberts, Hutto, Dyess, and Mills are hereinafter collectively referred to as "Individual Defendants."

## JURISDICTION AND VENUE

12. The misconduct complained of herein arose in Wayne County, Mississippi. Jurisdiction of the parties and of the subject matter of this action are proper in this Court.

13. Venue is proper pursuant to Miss. Code Ann. § 11-11-3 because substantial acts and omissions which caused the injury occurred Wayne County, Mississippi, and because the action against governmental entities must be commenced in the county where the entities are located.

14. This action is authorized by 42 U.S.C. § 1983 and made pursuant to the 1st and the 14th Amendments to the United States Constitution.

15. Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district and reside in this district.

## FACTUAL ALLEGATIONS

16. Plaintiffs operate what would be considered a "dirt business" in Wayne County, Mississippi. Plaintiffs are residents of Wayne County, Mississippi and pay taxes in Wayne County.

17. Plaintiffs' business operations include the sale of dirt and gravel, as well as dirt work including gravel hauling, pads for mobile homes, building foundations, driveways, etc.

18. Plaintiffs own their own dirt pit in Wayne County and sell the dirt from their own dirt pit.

19. Over the past several years, Wayne County supervisors have exercised a pattern, custom, and practice of essentially buying votes or currying favor in their district through providing dirt and gravel to private citizens, at no charge to the private citizens.

20. The dirt, gravel, and other materials are all property of Wayne County taxpayers.

21. These "free resources" are provided to private citizens at the expense of the taxpayers of Wayne County, Mississippi, and most, if not all, taxpayers are unaware of these unlawful practices.

22. Upon belief, these resources are not provided to all private citizens, but only to citizens who support the supervisors, or whose support the supervisors are trying to obtain for election purposes.

23. Plaintiffs have complained to Wayne County Supervisors about the unlawful conduct interfering with Plaintiffs' business operations and the loss to taxpayers, but the supervisors have refused to cease and desist from the misuse of county resources.

24. Supervisors have stated to Plaintiffs that "it's just how it's always been done." State law does not allow the County to work on private property and provide County resources to private citizens in this manner. State and federal law strictly prohibits the Defendants' actions.

25. Defendants have evidenced an utter disregard for the law through their actions and refusals to cease their unlawful conduct.

26. As a specific and recent example of the supervisor's blatant disregard for the law, on January 19, 2018 a district three (3) dump truck delivered a load of slag rock to a district two (2) resident and proceeded to spread the slag rock along the private citizen's gated driveway. Slag rock is not cheap and must be purchased by the County, as slag rock does not come from the County dirt pit. The entire incident was witnessed and recorded by Plaintiffs. The County employee dumping the rock admitted that they should not be dumping slag rock on a private citizen's gated driveway.

27. Upon information and belief, the supervisors of Wayne County have misappropriated millions of tax payer dollars through the unlawful misappropriation of county resources to essentially "buy" favor with voters and friends in the community. The supervisors' actions are an abuse of power and breach of their fiduciary duty to the taxpayers of Wayne County.

28. Each time the Defendants unlawfully carry a load of dirt and/or rock to a private citizen, the taxpayers of Wayne County are deprived of resources that could have been spent on education, public roads, or even an allegedly underfunded sheriff's department.

29. The Defendants are unlawfully endangering its citizens through underfunded law enforcement and road maintenance. The County is depriving its citizens of a proper education by unlawfully using County resources to benefit select, private citizens, instead of the tax paying public.

30. While a taxpayer may get a "free" load of dirt, the private citizen unknowingly pays higher taxes more than the "free" dirt, in addition to increased crime rates through an underfunded sheriff's department, repair work to vehicles through deteriorating roads, and a potentially undereducated workforce in Wayne County.

31. Recently, the County has placed an additional burden on tax payers to pay more money for trash collection, while wasting substantial resources, manpower, and equipment on the unlawful actions complained of herein.

32. Further, upon information and belief, the County has been forced to buy additional land for its own dirt pit, at an additional cost to the taxpayers of Wayne County.

33. The Defendants' actions have also unlawfully and unconstitutionally interfered with Plaintiffs' business operations.

34. Plaintiffs will quote a price for dirt and dirt work for a customer, only to be called back by the customer and told that the "County" just dropped off the dirt, and that the customer now just needed the dirt spread around the property.

35. The Defendants actions have unlawfully deprived the Plaintiffs of business opportunities and business relationships.

36. Defendants would not believe it appropriate to pump county owned fuel into private vehicles. Defendants' actions as complained of herein are no different.

37. The Defendants' actions have illegally, criminally, unlawfully and unconstitutionally deprived the taxpaying citizens of Wayne County of their own property and resources, which have been bought and funded by tax dollars.

38. In addition to the dirt, slag rock, and other county resources misappropriated by the Defendants, the Defendants also waste fuel, manpower, wear and tear on county equipment, and work hours on the transportation and installation of these resources, all at the expense of the Plaintiffs and taxpayers of Wayne County.

39. Plaintiffs sent a Notice of Claim to the Defendants on or about February 6, 2018, as required by Mississippi law.

40. Since receiving the Notice, the Defendants have unlawfully retaliated against the Plaintiffs, defaming the Plaintiffs and spreading false rumors about the Plaintiffs in an attempt to harm the Plaintiffs' reputation and business relationships.

41. These false rumors include, but are not limited to, Defendants telling Wayne County residents that the Plaintiffs are trying to prevent the Defendants from "helping" residents fix their driveways and other parts of their properties. These misleading statements are intended to harm the Plaintiffs. As a result, some persons have chosen not to do business with the Plaintiffs based solely upon the Defendants' false statements.

## **ALLEGATIONS OF LAW**

42. All acts of Defendants were conducted under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi, and Wayne County.

43. It is the policy, practice or custom of all Defendants to violate the procedural and substantive due process rights of those citizens under their jurisdiction, as complained of herein.

44. It is the policy, practice or custom of all Defendants to engage in actions that are fundamentally unfair and criminal to its citizens.

45. Defendants, by and through their actions and under the color of law, violated Plaintiffs' constitutionally protected rights.

46. At all times relevant, the Plaintiffs' constitutional rights, as alleged herein, were violated.

47. At all times relevant, the Plaintiffs' constitutional rights, as alleged herein, were clearly established.

48. Plaintiffs have suffered injury to their constitutional and statutory rights.

49. Alternatively, because of liability in effect for issues of this kind, and because it is the intent of the Mississippi Legislature that the Defendants pay any claims for violation of a citizen's rights in damages under Mississippi Law, the doctrine of *Monell v. Department of Social Services*, 475 U.S. 335 (U.S. 1986) should not apply to this cause, and the Defendants should be held vicariously liable for its officials causing the civil liberty violations of Plaintiff.

### I.  FIRST CAUSE OF ACTION – 42 U.S.C. § 1983
### DUE PROCESS – 14th AMENDMENT

50. Plaintiffs hereby adopt all previously stated paragraphs as though fully restated herein.

51. The Defendants have violated Plaintiffs' due process rights by unlawfully interfering with Plaintiffs' business operations and depriving Plaintiffs of their property and liberty without due process of law.

52. Defendants are aware that their actions have and continue to unlawfully interfere in Plaintiffs' business operations, yet the Defendants have exhibited an utter and total disregard for the rights of the Plaintiffs.

53. Defendants' actions unlawfully violate the Plaintiffs' substantive due process rights, as guaranteed by the United States Constitution.

8

## II. SECOND CAUSE OF ACTION – 42 U.S.C. § 1983
## EQUAL PROTECTION – 14th AMENDMENT

54. Plaintiffs hereby adopt all previously stated paragraphs as though fully restated herein.

55. Defendants' actions, as complained of herein, have violated Plaintiffs rights to equal protection under the law.

56. Defendants are unlawfully "competing" against Plaintiffs and causing Plaintiffs damages by providing "free" dirt and dirt work to persons in Wayne County. Defendants are not competing with any other business types in Wayne County, only those persons involved in the dirt business.

57. Defendants' actions, as complained of herein, violate the Plaintiffs' rights to equal protection under the law.

## III. THIRD CAUSE OF ACTION 42 U.S.C. § 1983
## UNLAWFUL TAKING – 5th AMENDMENT

58. Plaintiffs hereby adopt all previously stated paragraphs as though fully restated herein.

59. Defendants are unlawfully depriving Plaintiffs of their property and customers by providing embezzled and misappropriated dirt to Plaintiffs' customers.

60. Defendants are well aware that they are depriving Plaintiffs of their business opportunities through the Defendants' unlawful actions.

61. The actions of the Defendants deprive the Plaintiffs and the tax payers of Wayne County of their property and tax dollars, where the Defendants are taking County resources and giving those resources away in an effort for elected official to curry votes and favor in their districts.

## IV. CIVIL R.I.C.O. - INDIVIDUAL

62. Plaintiffs hereby adopt all previously stated paragraphs as though fully restated herein.

63. Plaintiffs have standing to bring the subject action against the named Individual Defendants, as alleged further herein.

64. All Individual Defendants have knowingly and willfully engaged and participated in the unlawful and criminal conduct complained of herein.

65. The Individual Defendants' actions and the unlawful conduct complained of herein constitute an enterprise through a pattern of unlawful and criminal behavior which has directly harmed the Plaintiffs.

66. Individual Defendants' actions have both a direct and indirect effect on interstate commerce.

67. The Individual Defendants' actions constitute criminal behavior wherein the unlawful conduct complained of herein is intended to "buy votes" or at the very least influence votes through the misappropriation of county resources.

68. The Individual Defendants' actions constitute multiple acts of criminal behavior, conducted over the course of several years, on an almost daily basis.

69. The Individual Defendants' actions may also constitute the pattern of criminal behavior as theft of government funds and resources, embezzlement, fraud, abuse of power, and other state and federal statutes related to elected officials.

70. The acts complained of herein constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

71. As a direct and proximate result of the Individual Defendants' pattern of unlawful and criminal behavior described herein, the Plaintiffs have incurred both direct and indirect damages to their business and property.

72. Plaintiffs have previously complained to the Individual Defendants regarding their actions and the Individuals Defendants refused to cease and desist their unlawful actions. The Individual

Defendants are and were aware that the Plaintiffs were being harmed, yet still continued their unlawful actions.

73. The County and the Board are liable and responsible for the unlawful actions of the Individual Defendants as complained of herein.

## V. TAXPAYER CAUSES OF ACTION

74. Plaintiffs hereby adopt all previously stated paragraphs as though fully reinstated herein.

75. Plaintiffs bring this action on behalf of taxpayers for Wayne County, and invites any other citizens to join suit against the Defendants for the recovery of tax amounts and resources misspent and misappropriated by the County and its administration.

76. The Defendants misspent, misappropriated, and unlawfully expended taxpayer funds and resources in violation of Mississippi and Federal law, and these funds must be repaid by the Defendants and its administrations to the taxpayers of Wayne County.

## VI. INJUCTIVE RELIEF

77. Plaintiffs hereby adopt all previously stated paragraphs as though fully reinstated herein

78. In accordance with Fed. R. Civ. P. 65, Plaintiffs requests that this Court enter a temporary restraining order, restraining Defendants, its agents and its employees from unlawfully delivering County owned resources to private citizens, as complained of herein.

79. Defendants will not be harmed by the issuance of the requested injunctive relief because Defendants are prohibited by law from providing County owned resources to private citizens as complained of herein.

80. Plaintiffs, and the taxpayers of Wayne County are irreparably harmed every time the Defendants unlawfully deliver County resources to private individuals, especially where the Defendants may not have the resources to fully compensate the tax payers for these losses.

## VII.     STATE LAW CLAIMS

81. Plaintiff hereby adopt all previously stated paragraphs as though fully reinstated herein.

82. Plaintiff previously provided to the County on or about February 6, 2018 a copy of the Plaintiff's notice pursuant to the Mississippi Tort Claims Act. **Exhibit A.**

83. The County's actions, as complained of herein, constitute the torts of negligence, interference with business relationships, gross negligence, reckless disregard, breach of fiduciary duty, conversion, and a breach of the duty of good faith and fair dealing.

84. Defendant Wayne County is responsible for the actions, inactions and torts of its supervisors, agents and employees as complained of herein.

## VIII.   THIRD CAUSE OF ACTION 42 U.S.C. § 1983
## RETALIATION – 1st AMENDMENT

85. Plaintiffs hereby adopt all previously stated paragraphs as though fully reinstated herein.

86. Plaintiffs exercised their rights under the 1st Amendment and Mississippi law by providing a notice of claim to the County regarding the Plaintiffs' claims herein.

87. The Defendants have retaliated against the Plaintiffs for exercising their 1st Amendment rights by threatening the Plaintiffs, making false statements and defaming the Plaintiffs, and attempting to interfere with the Plaintiffs' business relationships.

88. The Defendants' actions, as complained of herein, violate the Plaintiffs' rights under the United States Constitution.

WHEREFORE, Plaintiff respectfully prays this Court:

1. Assume jurisdiction over this action;

2. Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the First, Fifth and Fourteenth Amendments to the United States Constitution;

3. Award appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

4. Award Plaintiffs nominal and actual damages for Defendants violation of their constitutional and statutory rights;

5. Award Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

6. Award pre-judgment and post-judgment interest at the highest lawful rate;

7. Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1983 and/or 20 U.S.C. sec. 1400 et seq.;

8. Award Plaintiffs any and all relief available for Plaintiffs' R.I.C.O. claims;

9. Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper; and

10. Require the Defendants to repay the taxpayers for Wayne County for all funds knowingly misspent and misappropriated by the Defendants.

Respectfully submitted this the 1st day of June, 2018.

**CHRISTOPHER STALLINGS and STALLINGS CONSTRUCTION, LLC PLAINTIFFS**

By:___*/s/ Daniel M. Waide*_____
DANIEL M. WAIDE, MSB # 103543

Daniel M. Waide, (MSB#103543)
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)

dwaide@jhrlaw.net

## **CERTIFICATE OF SERVICE**

      I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 1st day of June, 2018.

                                                           /s/ Daniel M. Waide  
                                                  DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)  
Johnson, Ratliff & Waide, PLLC  
1300 HARDY ST.  
PO BOX 17738  
HATTIESBURG, MS 39404  
601-582-4553 (OFFICE)  
601-582-4556 (FAX)  
dwaide@jhrlaw.net