**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CHRIS STALLINGS and
STALLINGS CONSTRUCTION LLC**                                                **PLAINTIFFS**

**VERSUS**                                                **CIVIL ACTION NO. 2:18-cv-66-KS-MTP**

**WAYNE COUNTY, MISSISSIPPI,** *et al*.                                                **DEFENDANTS**

**ORDER ON MOTION TO COMPEL**

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Discovery [61]. Having carefully considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion should be granted.

Plaintiffs filed this matter on April 16, 2018. Plaintiffs own a dirt and gravel business and allege that several county officials provide dirt and gravel to private citizens, at the county's expense, to curry favor in political elections. Plaintiffs served their Interrogatories [55] and Requests for Production [56] on November 15, 2019. Defendants belatedly responded to the Requests for Production on February 12, 2020 and to the Interrogatories on March 19, 2020.

On March 17, 2020, the Court held a telephonic discovery conference with the parties and granted Plaintiffs leave to file a motion to compel, which Plaintiffs did on March 20, 2020. On April 6, 2020, Defendants supplemented their responses to the Request for Production [56] and filed a Response [64] to the Motion to Compel. Plaintiffs filed their Reply [65] on April 14, 2020. This matter is ripe for review.

The Court applies the standard set forth in Federal Rule of Civil 26(b)(1) which allows for discovery of material that is proportional to the needs of the case and non-privileged. The party that resists discovery "must show specifically how each interrogatory is not relevant or how each question is overbroad, burdensome or oppressive." *McLeod, Alexander, Powel &*

*Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982)).  Simply responding that an interrogatory or request for production is overbroad or not relevant, without more, is "not adequate to voice a successful objection to an interrogatory."  *Id*.

Discovery is "to be accorded a broad and liberal treatment to effect [its] purposes of adequately informing litigants in civil trials."  *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  "At some point, however, discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute."  *Willis v. City of Hattiesburg*, 2016 WL 918038, at *2 (S.D. Miss. Mar. 10, 2016).  Discovery disputes are left to the discretion of the trial court*. Blum v. Gulf Oil Corp.,* 597 F.2d 936, 938 (5th Cir. 1979).

Plaintiffs argue that Defendants failed to respond to three interrogatories and three requests for production relating to the county's gravel and dirt distributions, equipment owned by the county that transports dirt and gravel, and communication between county employees regarding the transportation of dirt and gravel.  Defendants initially responded with a "boilerplate" objection that the interrogatories and requests were vague, over broad, unduly burdensome, and protected by attorney-client privilege and the work-product doctrine.

In their Response [64], Defendants assert they have made efforts to obtain responsive information, but that Wayne County's server "crashed" at some undefined point and they have been unable to electronically locate any responsive documents.  Defendants' attorneys then assisted the county attorney on three occasions to review the physical records at the Wayne County Circuit Courthouse.  These efforts have only yielded a handful of documents, and Defendants argue that they should be relieved of any further obligation to sift through their paper

records because it is too burdensome and the County's information technology specialists have been unable to restore the computer server.

Defendants did not specifically address any of the disputed interrogatories and requests for production in their Response [64], and it remains unclear what is still in dispute following Defendants supplementation.  Plaintiffs' Reply [65] asserts that Defendants did not supplement any of the interrogatories at issue and the supplemental response to the requests for production do not definitively state whether the requested documents exist or not.

The Court finds that the information requested in the disputed interrogatories and requests for production is relevant to Plaintiff's claims and proportional to the needs of the case.[1] The county's use of gravel and dirt, along with the use of equipment to transport any gravel and dirt, is essential to Plaintiffs' claims, and Plaintiffs have been unable to proceed with depositions without more information regarding which employees handled the dirt and gravel.  The only question is whether the retrieval of these documents or answering the interrogatories is now too burdensome.

Defendants have not explained when the server will be restored, saying only that restoring the server "is taking much longer than anticipated."  They have also not explained or addressed the expense involved to retain other IT specialists to resolve the problem. Without that information the Court cannot determine if such efforts would be unduly burdensome or costly. *See Hopkins v. Sumrall Holdings, Inc.,* 2020 WL 1698353, at *3 (S.D. Miss. Mar. 18, 2020). Nor is it clear why a thorough manual review cannot be conducted and why county employees

---

[1] Defendants objections based on attorney-client privilege and work-product doctrine were not addressed in Defendants' Response and appear to have been asserted without any merit. If any responsive documents are privileged, Defendants should produce a privilege log pursuant to Federal Rule of Civil Procedure 26(b)(5).

have not done so already. "Defendant[s] must produce specific evidence that each challenged discovery request causes it to incur an actual and undue burden." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 478 (N.D. Tex. 2005).

Without any supporting affidavits or specific information regarding the cost of restoring the computer server, retrieving the electronic documents, or manually searching the paper documents, the Court cannot conclude that the discovery requests at issue are overly burdensome. Therefore, Defendants have not met their burden to demonstrate that the production of relevant discovery is too burdensome.

Additionally, it is far too late in the process for Wayne County to lodge objections to the breadth or scope of the discovery requests. As noted in Plaintiff's Motion, Defendants' have waived the opportunity to object to discovery requests by responding out of time. Mot. [61] at 6; *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989). Here, Wayne County waited three to four months to respond and then raised only general, boilerplate objections. These objections are late, unsupported, unspecified, and overruled. In some cases, the objections are plainly frivolous. For example, Wayne County has objected to providing the names of equipment operators or to providing mileage logs for dump trucks based on attorney-client privilege. The privilege does not apply to facts. *Illinois Central R. Co. v. Harried*, 2010 WL 583938, at *2 (S.D. Miss. Feb. 16, 2010). To put it succinctly, Wayne County's approach to discovery is unacceptable. If it continues to evade its discovery obligations, sanctions will be imposed.

Wayne County has generally referred to recent difficulties in producing records during the current Covid-19 pandemic. No details are provided, and it is not immediately clear from the County's response how reviewing records or answering written interrogatories creates

4

unnecessary risks or runs afoul of current restrictions.  And it should be noted that the responses at issue were due months before the current pandemic.[2]

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Compel [61] is GRANTED and Defendants shall comply with the Court's directives, as set forth above.  Defendants are directed to fully respond to Interrogatories No. 4, No. 5, and No. 8 and Requests for Production No. 3, No.4, and No. 8 on or before **April 30, 2019**.  The Court declines, *at this time*, to award Plaintiffs' the cost of filing the Motion [61], as requested in in their Reply [65].  Continued evasive behavior and unsupported objections will result in sanctions.

SO ORDERED, this the 16th day of April, 2020.

s/Michael T. Parker<br>United States Magistrate Judge

---

[2] This is not to suggest in any way that the current pandemic and applicable restrictions are to be disregarded or that anyone should incur an unnecessary risk to comply with discovery obligations.